UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAYLOR STEWART,<br><br>        Plaintiff,<br><br>    v.<br><br>MNS & ASSOCIATES, LLC, and MICHAEL SHAW,<br><br>        Defendants. | No.  2:21-cv-02418 WBS AC<br><br><u>FINDINGS AND RECOMMENDATIONS</u> |

This matter is before the court on plaintiff's amended motion for default judgment against defendant MNS & Associates and Michael Shaw.  ECF No. 18.  The motion was referred to the undersigned pursuant to E.D. Cal. R. 302(c)(19).  This motion was submitted without oral argument.  ECF No. 21.  For the reasons set forth below, the undersigned recommends that plaintiff's motion be GRANTED.

Plaintiff previously filed a motion for default judgment against the corporate defendant only, and the court issued findings and recommendations and an order to show cause regarding that motion.  ECF No. 14.  Those findings and recommendations and order to show cause are hereby WITHDRAWN in light of the amended motion addressed here.

                **I.**        **Relevant Background**

Plaintiff filed his complaint in this court on December 28, 2021, alleging that defendants

violated the Fair Debt Collection Practices Act and the California Rosenthal Fair Debt Collections Practices Act. ECF No. 1. The complaint is predicated on defendants' allegedly unlawful debt collection practices. The complaint alleges that MNS & Associates LLC ("MNS") and its owner, Michael Shaw, are debt collectors as defined by the FDCPA and that MNS is a corporation doing business collecting debts in Sacramento County, California while operating from Cheektowaga, Erie County, New York. ECF No. 1 at 2. Plaintiff asserts that defendants are attempting to collect a consumer debt (arising from personal, family, and house purposes) from plaintiff, allegedly originating with Milestone Gold MasterCard. ECF No. 1 at 3. Plaintiff alleges that MNS began placing calls to plaintiff's cell phone on May 28, 2021. Id. On that date, MNS left a voicemail stating that plaintiff's failure to contact MNS may result in "further determinations being made applicable to all state and federal guidelines." Id. at 4.

On June 1, 2021, plaintiff spoke with one of MNS's collectors, Isabella. During this call plaintiff inquired about recently received voicemails, and Isabella stated that the "matter is stemming from a breach of written express contract, which does violate statutory contract law" and that payment arrangements must be made immediately. Id. Plaintiff asked for a payment plan but was told that if he could not pay in full the case would be referred to another agency and potentially to attorneys. Id. Shortly after the phone call, plaintiff received another voicemail from MNS advising him that he needed to sign for and respond to a demand notice. ECF No. 1 at 5. Plaintiff alleges that at all relevant times, acting alone or in concert with others, defendant Shaw has formulated, directed, controlled, had the authority to control, or participated in the acts and practices of MNS, and its employees, including the acts and practices set forth in plaintiff's complaint. Id. at 6.

Both defendants were served in January of 2022. ECF Nos. 4 and 5. Neither defendant filed an answer nor appeared in this case in any way. Plaintiff initially requested entry of default as to defendant MNS only. ECF No. 7. The Clerk of Court entered default against defendant MNS on February 28, 2022. ECF No. 8. Plaintiff requested entry of default as to Michael Shaw on June 2, 2022. ECF No. 15. The Clerk of Court entered default as to Michael Shaw on June 17, 2022. ECF No. 17. On June 24, 2022, plaintiff moved for entry of default judgment and an

award of attorneys' fees as to both defendants. ECF No. 18.

## II. Motion

Defendant moves for default judgment against defendants on all counts, seeking damages as follows: (1) $2,000 in statutory damages and (2) $4,365.00 in attorney's fees and $540.75 in costs, for a total award against defendants in the amount of $6,905.75. ECF No. 18 at 7.

## III. Analysis

A. Legal Standard

Pursuant to Federal Rule of Civil Procedure 55, default may be entered against a party against whom a judgment for affirmative relief is sought who fails to plead or otherwise defend against the action. See Fed. R. Civ. P. 55(a). However, "[a] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." PepsiCo, Inc. v. Cal. Sec. Cans, 238 F.Supp.2d 1172, 1174 (C.D. Cal. 2002) (citing Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986)); see Fed. R. Civ. P. 55(b) (governing the entry of default judgments). Instead, the decision to grant or deny an application for default judgment lies within the district court's sound discretion. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). In making this determination, the court may consider the following factors:

> (1)   the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Default judgments are ordinarily disfavored. Id. at 1472.

As a general rule, once default is entered, well-pleaded factual allegations in the operative complaint are taken as true, except for those allegations relating to damages. TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam) (citing Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam)); see also Fair Housing of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002). Although well-pleaded allegations in the complaint are admitted by a defendant's failure to respond, "necessary facts not contained in the pleadings,

3

and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978)); accord DIRECTV, Inc. v. Huynh, 503 F.3d 847, 854 (9th Cir. 2007) ("[A] defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law") (citation and quotation marks omitted); Abney v. Alameida, 334 F.Supp.2d 1221, 1235 (S.D. Cal. 2004) ("[A] default judgment may not be entered on a legally insufficient claim."). A party's default conclusively establishes that party's liability, although it does not establish the amount of damages. Geddes, 559 F.2d at 560; cf. Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1414 (9th Cir. 1990) (stating in the context of a default entered pursuant to Federal Rule of Civil Procedure 37 that the default conclusively established the liability of the defaulting party).

   B. The Eitel Factors

      1. Factor One: Possibility of Prejudice to Plaintiff

As a preliminary matter, it is worth noting that plaintiff's brief does not directly address the Eitel factors. Nonetheless, the court has considered the entire record in its evaluation here. The first Eitel factor considers whether the plaintiff would suffer prejudice if default judgment is not entered, and such potential prejudice to the plaintiff weighs in favor of granting a default judgment. See PepsiCo, Inc., 238 F.Supp.2d at 1177. In this case, plaintiff would suffer prejudice if the court did not enter a default judgment because he would be without recourse for recovery. Accordingly, the first Eitel factor favors the entry of default judgment.

      2. Factors Two and Three: Merits of Claims and Sufficiency of Complaint

The merits of plaintiff's substantive claims and the sufficiency of the complaint are considered here together because of the relatedness of the two inquiries. The court must consider whether the allegations in the complaint are sufficient to state a claim that supports the relief sought. See Danning, 572 F.2d at 1388; PepsiCo, Inc., 238 F.Supp.2d at 1175. Here, the merits of the claims and sufficiency of the complaint favor entry of default judgment.

         a. The Fair Debt Collection Practices Act

"The FDCPA was enacted as a broad remedial statute designed to 'eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using

abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.'" Gonzales v. Arrow Fin. Servs., Inc., 660 F.3d 1055, 1060 (9th Cir. 2011) (quoting 15 U.S.C. § 1692(e)). Under §§ 1692d and 1692d(5) of the FDCPA, it is a violation for a debt collector to engage in conduct the natural consequence of which is to harass, oppress, and abuse the consumer. Further, it is a violation of the FDCPA for a debt collector to communicate with a consumer to collect a debt "if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer." 15 U.S.C.A. § 1692c.

To state a claim under the FDCPA, a plaintiff must allege facts that establish the following: (1) the plaintiff has been the object of collection activity arising from a consumer debt; (2) the defendant attempting to collect the debt qualifies as a 'debt collector' under the FDCPA; and (3) the defendant has engaged in a prohibited act or has failed to perform a requirement imposed by the FDCPA." Pratap v. Wells Fargo Bank, N.A., 63 F.Supp.3d 1101, 1113 (N.D. Cal. 2014). The FDCPA comprehensively regulates the conduct of debt collectors, imposing affirmative obligations and broadly prohibiting abusive practices." Id. at 1060–61. "The FDCPA does not ordinarily require proof of intentional violation, and is a strict liability statute." Id. (citing McCollough v. Johnson, Rodenburg & Lauinger, LLC, 637 F.3d 939, 948 (9th Cir. 2011)).

Plaintiff's complaint is sufficient to state a claim under the FDCPA. Plaintiff alleges that defendants called him multiple times, attempting to collect a debt, and made false threats of legal action and wage garnishment that it had no intent of following through on. ECF No. 9 at 5. Plaintiff's allegations, which the court accepts as true for purposes of plaintiff's motion for default judgment, see, e.g., Cripps, 980 F.2d at 1267, are sufficient to establish that defendants, acting as a "debt collector," engaged in conduct the natural consequence of which was to harass and mislead plaintiffs, in violation of the FDCPA at §§ 1692d and 1692e. Assuming the truth of plaintiff's allegations, defendant also violated § 1692g, which requires a debt collector to send the consumer, within five days after the initial communication, a written notice containing certain

disclosures. These allegations support a successful FDCPA claim, and the merits of this claim thus favor entry of default judgment.

### b. Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act")

The Rosenthal Act is the "state version of the FDCPA." Riggs v. Prober & Raphael, 681 F.3d 1097, 1100 (9th Cir. 2012). Section 1788.17 of the Rosenthal Act provides that, "[n]otwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code." Cal. Civ. Code § 1788.17. In sum, Section 1788.17 "mimics or incorporates by reference the FDCPA's requirements ... and makes available the FDCPA's remedies for violations." Riggs, 681 F.3d at 1100 (citing Cal. Civ. Code § 1788.17). Thus, whether an act violates the Rosenthal Act turns on whether it violates the FDCPA. Id., see also, Barria v. Wells Fargo Bank, N.A., No. 2:15-cv-01413-KJM-AC, 2016 WL 474319, at *4 (E.D. Cal. Feb. 8, 2016) ("[C]onduct by a debt collector that violates the FDCPA violates the Rosenthal Act as well." (citations omitted)). The undersigned has found that plaintiff's allegations support a meritorious claim that defendant violated the FDCPA. Accordingly, the merits of plaintiff's Rosenthal Act claim likewise favor entry of default judgment.

### 3. Factor Four: The Sum of Money at Stake in the Action

Under the fourth Eitel factor, the court considers the amount of money at stake in relation to the seriousness of defendant's conduct. This analysis requires the court to assess whether the recovery sought is proportional to the harm caused by the defendant's conduct. Landstar Ranger, Inc. v. Parth Enters., Inc., 725 F.Supp.2d 916, 921 (C.D. Cal. 2010). Default judgment is disfavored if the sum of money at stake is too large or unreasonable in relation to the defendant's conduct. Vogel v. Rite Aid Corp., 992 F.Supp.2d 998, 1012 (C.D. Cal. 2014). Courts consider plaintiff's declarations, calculations, and other documentation of damages in determining if the amount at stake is reasonable. HICA Educ. Loan Corp. v. Warne, No. 11-CV-04287-LHK, 2012 WL 1156402, at *3 (N.D. Cal. Apr. 6, 2012).

Plaintiff in this case seeks $2,000 in total statutory damages ($1,000 under 15 U.S.C. §

1692k(a)(2)(A) and $1,000 under California Civil Code § 1788.30(b)), as well as an award of reasonable attorneys' fees and costs of litigation. ECF No. 18 at 7. The court finds the statutory damages reasonable. Plaintiff's claim for attorney's fees and costs are supported by an acceptable billing statement and therefore awardable. The court finds that the request for fees in the amount of $4,365.00 for 10.9 hours of attorney work and expenses in the amount of $540.75 is reasonable and proportionate to the claims in this case. See ECF Nos. 9-1, 9-2, 9-3, and 9-4. The fourth Eitel factor is satisfied in this case.

        4.    Factor Five: Possibility of Dispute Concerning Material Facts

The facts of this case are relatively straightforward, and plaintiff has provided the court with well-pleaded allegations supporting its claims and affidavits in support of its allegations. Here, the court may assume the truth of well-pleaded facts in the complaint (except as to damages) following the clerk's entry of default and, thus, there is no likelihood that any genuine issue of material fact exists. See, e.g., Elektra Entm't Group Inc. v. Crawford, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists."); accord Philip Morris USA, Inc., 219 F.R.D. at 500; PepsiCo, Inc., 238 F.Supp.2d at 1177.

        5.    Factor Six: Whether Default Was Due to Excusable Neglect

Upon review of the record before the court, there is no indication that the default was the result of excusable neglect. See PepsiCo, Inc., 238 F.Supp.2d at 1177. Despite ample notice of this lawsuit, defendants failed to appear or defend themselves in this action. Thus, the record supports a conclusion that the defendants have chosen not to defend this action, and not that the default resulted from any excusable neglect. Accordingly, this Eitel factor favors the entry of a default judgment.

        6.    Factor Seven: Policy Favoring Decisions on the Merits

"Cases should be decided upon their merits whenever reasonably possible." Eitel, 782 F.2d at 1472. However, district courts have concluded with regularity that this policy, standing alone, is not dispositive, especially where a defendant fails to appear or defend itself in an action.

PepsiCo, Inc., 238 F.Supp.2d at 1177; see also Craigslist, Inc. v. Naturemarket, Inc., 694 F.Supp.2d 1039, 1061 (N.D. Cal. Mar. 5, 2010). Accordingly, although the court is cognizant of the policy favoring decisions on the merits – and consistent with existing policy would prefer that this case be resolved on the merits – that policy does not, by itself, preclude the entry of default judgment.

### 7. Conclusion: Propriety of Default Judgment

Upon consideration of all the Eitel factors, the court concludes that plaintiff is entitled to the entry of default judgment against both defendants.

## IV. Conclusion

It is hereby ORDERED that the prior motion for default judgment (ECF No. 9) is VACATED as MOOT and the associated Findings and Recommendations (ECF No. 14) are WITHDRAWN.

It is further RECOMMENDED THAT:

1. Plaintiff's motion for default judgment (ECF No. 18) be granted;

2. The court enter judgment in favor of plaintiff and against MNS & Associates, LLC and Michael Shaw;

3. The court GRANT plaintiff's request for statutory damages in the total amount of $2,000; and

4. The court grant plaintiff's request for attorney's fees in the amount of $4,365.00 and costs in the amount of $540.75.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections. Local Rule 304(d). Failure to file objections within the specified time may waive the right to appeal the District Court's order.

Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: August 8, 2022

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE